IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WESLEY JOSEPH BARTELL, | Cause No. CV 21-116-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondent. | |

This matter comes before the Court following Petitioner Bartell's failure to respond to an order. Bartell is a state prisoner proceeding pro se.

Bartell's pleadings were not clear, but they appeared, in substance, to be a challenge to the legality of his custody under a state criminal judgment. On November 2, 2021, United States Magistrate Judge Kathleen DeSoto explained to Bartell that he could proceed with a petition for writ of habeas corpus under 28 U.S.C. § 2254. She also told him that, if he intended to file a habeas petition, he should be sure to include all the claims he wanted to make. *See* Order (Doc. 4) at 1–2.

Bartell responded by stating that he was "entitled to the filing of a federal writ of habeas corpus, 28 U.S.C. § 2254." Judge DeSoto deemed all of his pleadings (Docs. 1, 3, and 5) to be his petition. She asked Bartell to respond to

1

specific questions or concerns raised by his pleadings. *See* Order (Doc. 8) at 2–4.

Bartell requested an extension of time to respond, which was granted. *See* Mot., Order (Docs. 9, 10). When Bartell failed to respond, Judge DeSoto issued another order, stating that she was "reluctant to decide the issues presented by Bartell's submissions to date" in view of the "stringent restrictions on federal habeas relief." Order (Doc. 11) at 1. She explained why she believed Bartell had not yet shown an entitlement to relief and gave him another thirty days to respond. *See id* at 2–4. She noted that Bartell's failure to respond could result in dismissal of his case with prejudice for failure to prosecute. *See* Order (Doc. 11) at 5.

Bartell again requested additional time. Judge DeSoto gave him more than 60 additional days. *See* Mot., Order (Docs. 12, 13). Bartell failed to respond.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor generally favors dismissal. The fifth generally counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently here. The Court will consider factors two, three, and four.

Judge DeSoto expended considerable time and effort to explain to Bartell what he must do in order to proceed with his case. Other petitioners have attempted in good faith to comply with court orders. Time and resources should be directed to them. This case interferes with and takes time away from those cases. The second factor, concerning docket management, weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

Bartell's inaction makes it impossible for the Respondent to justify its own position on his allegations. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

No viable alternatives to dismissal appear. Judge DeSoto gave Bartell

multiple opportunities to move forward. This factor weighs in favor of dismissal.

Courts exist to resolve disputes on the merits. Here, however, Bartell has essentially abandoned the action. All four of the other *Pagtalunan* factors counsel dismissal.

Regardless of whether Bartell makes a substantial showing that he was denied a constitutional right, see 28 U.S.C. § 2253(c)(2), reasonable jurists would find no basis to disagree with the dismissal on procedural grounds. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability is not warranted.

Accordingly, IT IS ORDERED:

1. The petition (Docs. 1, 3, 5) is DISMISSED WITH PREJUDICE for failure to prosecute.

2. The clerk shall enter, by separate document, a judgment of dismissal with prejudice.

3. A certificate of appealability is DENIED.

DATED this 18th day of November, 2022.

Dana L. Christensen, District Judge
United States District Court